J-S58024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS EUGENE SKARIOT, | |
| Appellant | No. 235 WDA 2014 |

Appeal from the PCRA Order Entered January 6, 2014
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000584-2011

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 23, 2014**

Appellant, Thomas Eugene Skariot, appeals *pro se* from the trial court's January 6, 2014 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we are compelled to vacate that order and remand for the appointment of new counsel.

According to the PCRA court's Pa.R.A.P. 1925(a) opinion, Appellant entered a negotiated guilty plea on February 2, 2012, to the charge of aggravated assault.  The court summarized the facts underlying Appellant's offense as follows:

> The Affidavit of Probable Cause avers that an officer of the Pennsylvania State Police was dispatched to a residence located

_____

[*] Retired Senior Judge assigned to the Superior Court.

in East Bethlehem Township for a report of a burglary and aggravated assault on January 13, 2011. He questioned the victim, Kenneth James Axton, while he was being treated for injuries. Axton informed the officer that he was sleeping on a couch when he awoke to [] Appellant['s] striking him with a wooden baseball bat. Axton knew [] Appellant, and had received a cell phone call from Appellant earlier that day. During the call, [] Appellant stated that he intended to come to Axton's residence and "[k]ill him." During the ensuing altercation, Axton grabbed a knife and defended himself. Axton believed that he had stabbed [] Appellant. During the fight, Appellant obtained the knife from the victim, and Appellant used it to cut the hands of Axton. The arresting officer observed multiple lacerations and contusions to Axton's head and face.

PCRA Court Opinion (PCO), 4/4/14, at 1-2 (citations to the record omitted).

On the same day Appellant pled guilty to aggravated assault, he was sentenced to the negotiated term of three to six years' incarceration. The Commonwealth also waived any objection to Appellant's being eligible for the Recidivism Risk Reduction Incentive (RRRI) program. Appellant did not file post-sentence motions or a direct appeal.

However, on October 5, 2012, Appellant filed a *pro se* PCRA petition presenting twenty claims, most of which involved allegations of ineffective assistance of trial counsel. Counsel was appointed, but rather than file an amended PCRA petition, counsel filed a petition to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On October 22, 2013, the court granted counsel's petition to withdraw and filed a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition. Appellant filed a timely *pro se* response on November 1, 2013, averring that

his PCRA counsel was ineffective for filing an inadequate ***Turner/Finley*** no-merit letter.

On January 6, 2014, the PCRA court issued an order dismissing Appellant's petition. Appellant filed a notice of appeal on February 7, 2014, which the PCRA court properly deemed as timely, considering "the delay that can occur when inmates mail documents from State Correctional Facilities…." PCO at 2 n.3 (citing ***Commonwealth v. Cooper***, 710 A.2d 76, 78 (Pa. Super. 1997) (holding that "prisoner mailbox rule" applies "to all appeals filed by prisoners proceeding *pro se*" and mandates that "a notice is deemed filed as of the date it is deposited in the prison mail system") (citation omitted)). While the PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, it filed a Rule 1925(a) opinion on April 4, 2014.

On appeal, Appellant raises the following four questions for our review:

1.) Was trial counsel ineffective, and [did he] demonstrate an abandonment of Appellant by failing to raise a *prima facie* case, acquire discovery, and by forcing a plea of guilty, and [was] PCRA counsel ineffective for failing to fully review the case and [Appellant's] PCRA petition, and render a proper conclusion based on facts?

2.) Was the plea of guilty coerced by counsel to cover up the abandonment of Appellant?

3.) Is Appellant factually innocent of the charge of aggravated assault?

4.) Was the trial court biased, and [did it] commit misconduct when a pre-formed judgement [*sic*] about the case was commented upon by the trial judge?

Appellant's Brief at 3.[1]

Initially, we note that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa. 1997) (citing **Commonwealth v. Travaglia**, 661 A.2d 352, 356 n.4 (Pa. 1995)).

In Appellant's first issue, he alleges that both his trial counsel and his PCRA attorney rendered ineffective representation.

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

---

[1] We note that the Commonwealth has not filed a brief in this case.

*Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

We will first address Appellant's claims regarding PCRA counsel's representation, "as Appellant is entitled to competent and diligent representation by counsel in his first PCRA petition." *Commonwealth v. Perry*, 959 A.2d 932, 936 (Pa. Super. 2008) (citations omitted). Appellant contends that his PCRA attorney filed an "incomplete" and "deficient" *Turner/Finley* no-merit letter because counsel "failed to review all [of the] issues raised in [] Appellant[']s PCRA" petition. Appellant's Brief at 11-12. Appellant also avers that counsel failed to conduct a "thorough investigation" of the record in this case, which violated her "ethical obligation[]" to "zealously defend" him.[2] *Id.*

In *Turner*, our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions[.]" *Turner*, 544 A.2d at 927. The traditional

_____

[2] Appellant presented these assertions of PCRA counsel's ineffectiveness in his timely-filed response to the PCRA court's Rule 907 notice of its intent to dismiss. Thus, his claims are preserved for our review. *See Commonwealth v. Pitts*, 981 A.2d 875, 879 (Pa. 2009) (indicating that a petitioner waives a claim of PCRA counsel's ineffectiveness by failing to assert the issue in response to the court's Rule 907 notice or counsel's petition to withdraw); *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (concluding that under Pennsylvania Supreme Court precedent, "claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal").

requirements for proper withdrawal of PCRA counsel, originally set forth in

*Finley*, were updated by this Court in *Commonwealth v. Friend*, 896 A.2d

607 (Pa. Super. 2006), *abrogated by* *Commonwealth v. Pitts*, 981 A.2d

875 (Pa. 2009),  which provides:

> (1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]
>
> 2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]
>
> 3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]
>
> 4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed pro se, or with the assistance of privately retained counsel;
>
> 5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and
>
> 6) the court must agree with counsel that the petition is meritless.

*Friend*, 896 A.2d at 615 (footnote omitted).   "Once counsel for the

petitioner determines that the issues raised under the PC[R]A are 'meritless,'

and the PC[R]A court concurs, counsel will be permitted to withdraw and the

petitioner may proceed on his own or with the aid of private counsel to

pursue a review of the ruling entered, if he/she so wishes." *Finley*, 550 A.2d at 215.

Here, it is apparent from our review of the record that in PCRA counsel's *Turner/Finley* letter, she failed to address all of the issues raised by Appellant in his *pro se* PCRA petition. In that petition, Appellant raised seventeen claims of trial counsel's ineffectiveness; an assertion that his constitutional rights were violated during the investigation in this case; an allegation that the Commonwealth withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and a claim that the trial judge made improper remarks indicating a bias against Appellant. In counsel's *Turner/Finley* no-merit letter, she did not set forth any of these specific claims, instead simply indicating that Appellant "check[ed] the boxes [on his PCRA petition] that he is eligible for relief due to a violation of the Constitution or laws, ineffective assistance of counsel, a plea of guilty unlawfully induced, and the unavailability at the time of trial of exculpatory evidence." No Merit Letter, 10/22/13, at 2 (unnumbered pages). Counsel then stated:

> To establish that a guilty plea was unlawfully induced as the result of ineffective assistance of counsel, the defendant must prove that counsel's ineffectiveness caused him to enter the guilty plea. The transcripts of the [p]lea and sentencing proceedings held on February 7, 2012[,] show the presiding Judge formally asked [Appellant] on the record if he had a chance to review matters with his attorney and if [Appellant] was satisfied with his attorney's explanation of his rights – to which [Appellant] replied in the affirmative. The [g]uilty [p]lea is signed by [Appellant] and he states that he "hereby enters my

- 7 -

> plea of guilty on the charge of Aggravated Assault (F2) and represents that I do this knowingly, voluntarily and intelligently." His attorney was present at all times.

*Id.* (citations omitted). Counsel closed her no-merit letter by noting that she "reviewed the Clerk of Courts file and the plea and sentencing transcripts" and saw "no issues which would, or even might, entitle [Appellant] to [PCRA] relief upon any other grounds." *Id.*

Even if counsel's generalized discussion of Appellant's seventeen individual trial counsel ineffectiveness claims were sufficient, she omitted *any* discussion of his other three issues. Thus, we agree with Appellant that PCRA counsel's no-merit letter was inadequate in this regard and, as such, counsel should not have been permitted to withdraw. *See Friend*, 896 A.2d at 615; *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) ("If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw.") (citation omitted).

Moreover, we conclude that PCRA counsel's discussion in her no-merit letter was insufficient to demonstrate that Appellant's issues are clearly meritless. Namely, in Appellant's *pro se* petition, he averred that his trial counsel coerced him into entering a guilty plea in the moments before trial was set to begin, without providing Appellant "adequate time to fully consider the consequences of pleading [guilty]…." *Pro Se* PCRA Petition, 10/5/12, at 10 (page unnumbered). Appellant also asserted that he

repeatedly told his trial counsel that he was innocent, yet counsel ineffectively convinced him that if he did not plead guilty, "he would be convicted based on his past criminal history…." *Id.* In essence, Appellant argued that his guilty plea was involuntary, unknowing, and/or unintelligent because it was premised on his trial counsel's coercion and incompetent legal advice.

Initially, we note that it is impossible on this record to verify - or dispel - Appellant's claims regarding counsel's advice to him prior to his pleading guilty. Furthermore, in concluding that this claim is meritless, both PCRA counsel and the court erroneously relied on Appellant's statements during the guilty plea colloquy. *See* PCO at 4-5. That colloquy amounted to the following:

> The Court: Have you had a chance to review matters with [your trial counsel]?
>
> [Appellant]: Yes.
>
> The Court: Are you satisfied with his explanation of those rights?
>
> [Appellant]: Yes.

N.T. Guilty Plea, 2/7/12, at 2. The court then discussed the terms of Appellant's negotiated sentence, after which it stated:

> The Court: [Appellant], you're prepared to enter a plea of guilty to the agg [*sic*] assault?
>
> [Appellant]: Yes, sir.
>
> The Court: So ordered. Court will make a recommendation of RRRI, which means if you complete the program, you'll be able to be released 9 months early. Any questions, [Appellant]?

[Appellant]: No.

*Id.* at 3.

Notably, at no point during this proceeding was Appellant asked if he understood (1) the nature of the charge to which he was pleading guilty; (2) the factual basis underlying that charge; (3) that he has the right to proceed to a jury trial; (4) that he is presumed innocent until found guilty; (5) the permissible range of sentences and/or fines for the offenses charged; or (6) that the judge was not bound by the terms of any plea agreement unless the judge accepted such agreement. *See* Cmnt. to Pa.R.Crim.P. 590 (indicating the minimum information the judge should elicit from a defendant pleading guilty). Based on the scant colloquy conducted in this case, we cannot agree with PCRA counsel and the court that the colloquy alone proved that Appellant's plea was valid, and that he was not coerced into pleading guilty by his trial counsel.[3]

_____

[3] PCRA counsel and the court also noted Appellant's completion of a written plea colloquy. That "colloquy" is a single page document, which states at the top "PLEA OF GUILTY," followed by, "I, the above named Defendant, hereby enter my plea of guilty on the charge of Aggravated Assault (F2)." Written Guilty Plea, 3/12/13. The document then contains a printed line stating, "And I represent that I do this knowingly, voluntarily and intelligently." *Id.* Appellant dated and signed this form, as did his counsel. Clearly, the written plea colloquy does not verify that Appellant understood any of the six factors set forth above. Thus, we do not agree with PCRA counsel or the court that it confirms the validity of Appellant's plea.

For these reasons, we are constrained to conclude that PCRA counsel's ***Turner/Finley*** no-merit letter was inadequate, and the PCRA court erred by granting counsel's petition to withdraw. Therefore, we vacate the court's order denying Appellant's petition, and remand for the appointment of new PCRA counsel. Additionally, while we do not opine on whether Appellant will be able to prove he is entitled to post-conviction relief based on the trial counsel ineffectiveness claim discussed herein, that issue at least possesses arguable merit warranting an evidentiary hearing.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2014